Yang v. Barr

BIA
Hom, IJ
A206 289 537

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand nineteen.

PRESENT:
        RALPH K. WINTER,
        PETER W. HALL,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

FANG YANG,
        *Petitioner,*

        v.                                      17-1069
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, Esq.,
                         New York, NY.

FOR RESPONDENT:          Chad A. Readler, Principal Deputy
                         Assistant Attorney General; Jeff
                         R. Leist, Senior Litigation
                         Counsel; Kathleen Kelly Volkert,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fang Yang, a native and citizen of the People's Republic of China, seeks review of a March 23, 2017 decision of the BIA affirming a December 14, 2015 decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fang Yang,* No. A206 289 537 (B.I.A. Mar. 23, 2017), *aff'g* No. A206 289 537 (Immig. Ct. N.Y. City Dec. 14, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's

. . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163 n.2. Substantial evidence supports the agency's determination that Yang was not credible as to her claim that she was forced to undergo a sterilization procedure and fined for violating China's family planning policy by giving birth to three children.

The agency reasonably relied on several inconsistencies in Yang's statements in finding that her testimony was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Yang's testimony that she moved from Lianjiang to Fuzhou to avoid family planning officials after she discovered she was pregnant with her second child in October 2005 and that she gave birth to her child in Fuzhou in June 2006 was inconsistent with her testimony that she first went to Fuzhou in September 2006. When asked to explain the inconsistency, Yang stated unresponsively that she delivered her second child in Fuzhou because she did not have a birth permit. Asked again to explain, Yang stated that she traveled back

3

and forth between her hometown and Fuzhou but did not move to Fuzhou until September 2006. The agency was not compelled to credit this explanation because, when she was asked when she "went" to Fuzhou for the "first time" after she became pregnant with her second child, rather than when she "moved" to Fuzhou, she gave September 2006 as the date. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found Yang's written statement that she stayed in Fuzhou for one month after giving birth to her second child inconsistent with her testimony that she stayed for only one week. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). She could not explain this inconsistency. *See Majidi*, 430 F.3d at 80.

The agency also did not err in relying on the inconsistency between Yang's asylum interview statement that her husband obtained money in China to pay their family planning fine and her testimony that she sent money from the United States to pay the fine. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Diallo v. Gonzales*, 445 F.3d 624,

4

632 (2d Cir. 2006) (concluding that "asylum . . . interviews do not call for *special* scrutiny, as airport interviews do" and finding reliable for credibility purposes an interview record that "contain[ed] a meaningful, clear, and reliable summary of the statements made by [petitioner]" (internal quotation marks omitted)). When confronted with this inconsistency, Yang claimed that she had not told her interviewer that her husband paid the fine with funds he had obtained in China. The agency was not compelled to credit this explanation because, on further questioning, she again changed her testimony to admit that she did not remember what she had said to the interviewer. *See Majidi*, 430 F.3d at 80.

Having questioned Yang's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably declined to afford weight to a letter from Yang's husband in China. *See Y.C. v. Holder*, 741 F.3d

5

324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to husband's letter because it was unsworn and from an interested witness). And the IJ did not err in noting that Yang's sterilization certificate, radiology report, and fine receipts did not establish that her tubal ligation was forced, as would be required to establish her eligibility for relief. *See* 8 U.S.C. § 1101(a)(42)(B) ("[A] person who has been forced . . . to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion.").

Given these inconsistencies and lack of reliable corroboration, we conclude that substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

6